|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>**DEC 02 2009**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY queen   DEPUTY CLERK** |
| In re:<br>Erick Michael Orloff,<br>Traci Ann Orloff<br>                                            Debtor(s).<br>Sandra Bendon<br>                                            Trustee. | CHAPTER:    7<br><br>CASE NO.:    6:09-bk-31524-BB<br><br>DATE:    December 1, 2009<br>TIME:    10:00 AM<br>CTRM:    303<br>FLOOR: |

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT:   U.S. Bank, NA )

1. The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   *Street Address:*    45328 Saintsbury Street (now known as Miramonte Street)
   *Apartment/Suite No.:*
   *City, State, Zip Code:*    Temecula, CA 92592

   Legal description or document recording number (including county of recording):

   ☒    See attached page.

3. The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1)    ☒ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
                                                          ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.    ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b.    ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c.    ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                                                                    **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Erick Michael Orloff | | | |
| Traci Ann Orloff | | Debtor(s) | CASE NO: 6:09-bk-31524-BB |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local goverrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☐ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d. ☐ See attached continuation page for additional provisions.

Dated: 12/02/2009

_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                                                **F 4001-1O.RP**

# DESCRIPTION

PARCEL NO. 1:

LOT 40 (THE "LOT") OF TRACT NO. 29554-3, AS SHOWN ON THE SUBDIVISION MAP ("MAP") FILED ON JUNE 16, 2003, IN BOOK 336, AT PAGES 31 TO 38, INCLUSIVE, OF MAPS IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS IN INTEREST AND ASSIGNEES:

EXCEPT ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBONS LYING BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN DEEDS OF RECORD.

PARCEL NO. 2:

NONEXCLUSIVE EASEMENTS FOR ACCESS, USE AND ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION RECORDED JUNE 16, 2003 AS INSTRUMENT NO. 2003-437793, OFFICIAL RECORDS AND THE MAP.